IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  12-cv-03040-CMA-CBS

MAHAMET CAMARA, MOUSSA DEMBELE, ANDRE DE OLIVEIRA, BEMBA DIALLO, SALIF DIALLO, MACIRE DIARRA, DOMINIQUE DICKERSON, ERNIE DUKE, MOHAMET KABA, DEAN PATRICELLI, and ERNEST WILLIAMS,

        Plaintiffs,

v.

MATHESON TRUCKING, INC., MATHESON FLIGHT EXTENDERS, INC., and MARK MATHESON,

        Defendants.

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the Unopposed Motion for Protective Order filed by Defendants Matheson Trucking, Inc., Matheson Flight Extenders, Inc., and Mark Matheson (collectively "Defendants"), and upon this Court's finding that good cause exists for the issuance of a Stipulated Protective Order, IT IS ORDERED as follows:

1.    This Stipulated Protective Order ("Protective Order") shall apply to all information, documents, electronically-stored information, and other materials disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed, produced, or exchanged pursuant to procedures set forth in the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "electronically-stored information" means any type of information that can be stored electronically, and is intended to be broad enough to cover all current types of electronically and computer-based information.

4. Information, documents, electronically-stored information, and/or other materials designated as "CONFIDENTIAL" (collectively, "CONFIDENTIAL material" or "CONFIDENTIAL information") shall be information, documents, electronically-stored information, and/or other materials that are confidential and meet the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as: (a) personnel records of current or former employees of Defendants; (b) any non-public personal information, including credit or debit numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information; (c) trade secrets and commercial or financial information that is either privileged or confidential; (d) Protected Health Information; and (e) any other material qualifying for protection under Federal Rule of Civil Procedure 26(c).

5. CONFIDENTIAL material shall not, without the consent of the party designating it as CONFIDENTIAL (the "Designating Party") or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case to: attorneys actively working on this case; persons regularly employed by or associated with the attorneys actively working on the case whose assistance is utilized by said attorneys in connection with this case; the parties, including representatives of

Defendants; expert witnesses and consultants retained in connection with this proceeding; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; or deponents, witnesses, or potential witnesses; and other persons by written agreement of the parties.

6. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation, trial, and appeal of this case.

7. Information, documents, electronically-stored information, and/or other materials are designated as CONFIDENTIAL by the party producing them by placing or affixing (in a manner that will not interfere with their legibility) the following or other appropriate notice—"CONFIDENTIAL"—on every page containing CONFIDENTIAL information. If electronically-stored information is produced electronically and in a format in which it is not feasible to comply with the foregoing sentence, then the electronic file containing the information may be designated as CONFIDENTIAL by incorporating "CONFIDENTIAL" into the file name, or by other means to which the parties may agree. With the exception of depositions, which are discussed below in Paragraph 9, information, documents, electronically-stored information, and/or other materials unintentionally produced without a "CONFIDENTIAL" designation or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner.

8. Before any information is designated as "CONFIDENTIAL," counsel of record for the Designating Party must first review the information and make a determination, in good faith, that the information, documents, electronically-stored

information, and/or other materials are confidential or otherwise are entitled to protection pursuant to Paragraph 4 of this Protective Order and Fed. R. Civ. P. 26(c).

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions of the deposition containing such information may be designated as CONFIDENTIAL and upon such designation shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to schedule a telephone conference with the Magistrate Judge within twenty (20) days after the time the notice is received, asking the Magistrate Judge to assist the parties' disagreement over and resolution of whether the disputed information should be subject to the terms of this Protective Order. If such a telephone conference is scheduled, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the parties resolve their dispute or the Court rules on a motion. If the Designating Party fails to schedule a telephone conference within the prescribed time or fails to make good-faith efforts to timely schedule such conference,

Case 1:12-cv-03040-CMA-CBS   Document 29   Filed 02/26/13   USDC Colorado   Page 5 of 9

the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a dispute under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. This Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions; pleadings; motions; at trial; or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL material may be used, this Stipulated Protective Order does not waive any right or obligation of any party to file a motion under D.C.COLO.LCivR. 7.2 to restrict access to all or a portion of papers and documents filed with the Court. In addition, the parties agree to comply with D.C.COLO.LCivR. 7.2 regarding procedures for restricting access to documents that are marked "CONFIDENTIAL."

12. In the event that any CONFIDENTIAL material is used in any Court proceeding in this action or any appeal from this action, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera. No party, other than the Designating Party, shall offer CONFIDENTIAL material into evidence, or otherwise tender CONFIDENTIAL material to the Court in any court proceeding, without first advising the Court and the Designating Party of its intent to do so; notification is satisfied by provision of an exhibit list or copy of exhibits to be

5

proffered. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of CONFIDENTIAL material in any court proceeding shall not prejudice or limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

      13. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation. At the conclusion of this case, unless other arrangements are agreed upon in writing, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product that contain CONFIDENTIAL information or references thereto and a single copy of all documents marked CONFIDENTIAL for archival purposes; provided that such counsel, and employees of such counsel, shall not disclose such retained materials to any person or use such retained materials for any purpose unrelated to this action except pursuant to court order or written agreement with the Designating Party. Where parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding the provisions of this paragraph, the parties, their counsel, and experts for a party shall not be required to return or to

destroy any CONFIDENTIAL information to the extent prohibited by law or to the extent such CONFIDENTIAL information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert.  To the extent any CONFIDENTIAL information is not returned or destroyed in accordance with this paragraph,  such CONFIDENTIAL information shall remain subject to the confidential obligations of this Protective Order.

      14.    If any person receiving and in the possession, custody, or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking discovery material containing CONFIDENTIAL information by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Designating Party, assuming the provision of such notice is not forbidden by law or legal authorities.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena, demand, or legal process seeking the discovery material and shall also be solely responsible for all of its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

      15.    This Protective Order, the production or receipt of CONFIDENTIAL material, and/or compliance with the terms of this Order, shall not:

      a.    Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery;

b.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

c.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any CONFIDENTIAL information the party asserts requires or should be subject to other or further protection;

d.      Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information; or

e.      Prejudice in any way the rights of a party to contest the designation of any information as "CONFIDENTIAL."

16.     This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties, and an opportunity for them to be heard.

DATED at Denver, Colorado, on February 26, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

AGREED AND APPROVED:

| | |
|---|---|
| *s/ Brian T. Moore* | *s/ Stacey A. Campbell* |
| Brian T. Moore | Stacey A. Campbell |
| Jester Gibson & Moore, LLP | Kalisha Chorba |
| 1999 Broadway | Daniel M. Combs |
| Suite 3225 | Jack D. Patten, III |
| Denver, CO 80202 | LITTLER MENDELSON, P.C. |
| Telephone: 303.377.7888 | 1900 Sixteenth Street |
| | Suite 800 |
| Lynn D. Feiger | Denver, CO 80202 |
| Stephen E. Kapnik | |
| Justin M. Plaskov | ATTORNEYS FOR DEFENDANTS |
| Lofh Shaiman Jacobs Hyman & Feiger PC | MATHESON TRUCKING, INC., |
| 950 S. Cherry Street | MATHESON FLIGHT EXTENDERS, INC., |
| Suite 900 | and MARK MATHESON |
| Denver, CO 80246 | |
| Telephone:  303.753.9000 | |

ATTORNEYS FOR PLAINTIFFS
MAHAMET CAMARA, MOUSSA
DEMBELE, ANDRE DE OLIVEIRA,
BEMBA DIALLO, SALIF DIALLO, MACIRE
DIARRA, DOMINIQUE DICKERSON,
ERNIE DUKE, MOHAMET KABA, DEAN
PATRICELLI, and ERNEST WILLIAMS

Firmwide:118201816.1 064487.1003

9