**Exhibit A to Pretrial Order**

a. Nonexpert witnesses to be called by Plaintiffs and Intervernor Plaintiff:

(1) Plaintiffs' and Intervenor Plaintiff's Witnesses who will be present at trial:

1. <u>Mahamet Camara</u>. Mr. Camara is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. Camara also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

2. <u>Moussa Dembele</u>. Mr. Dembele is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. Dembele also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

3. <u>Andre De Oliveira</u>. Mr. De Oliveira is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. De Oliveira also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

4. <u>Bemba Diallo</u>. Mr. B. Diallo is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. B. Diallo also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson. Mr. B. Diallo will also testify about the racial comments he heard being made about Mr. Sanchez.

5. <u>Salif Diallo</u>. Mr. S. Diallo is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. S. Diallo also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

6. <u>Macire Diarra</u>. Mr. Diarra is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. Diarra also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

7. <u>Ernie Duke</u>. Mr. Duke is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has

    suffered. Mr. Duke also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

8. <u>Mohamed Kaba</u>. Mr. Kaba is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered.

9. <u>Dean Patricelli</u>. Mr. Patricelli is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. Patricelli also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

10. <u>Earnest Williams</u>. Mr. Williams is a Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. Williams also is expected to testify about the hostile work environment to which black and African employees generally were subjected at Matheson.

11. <u>Cresencio Sanchez</u>. Mr. Sanchez is the Intervenor Plaintiff in this action and is expected to testify regarding all aspects of his claim, including the damages he has suffered. Mr. Sanchez also is expected to testify about the hostile work environment to which Hispanic, black, and African employees generally were subjected at Matheson.

12. <u>Steven F. Biskup, Esq</u>. Mr. Biskup is expected to testify regarding the investigation he conducted at Defendants' behest, including but not limited to statements that were made to him by Defendants' representatives, his observations, and the findings that he reported to Defendants' representatives.

13. <u>Amy Cook</u>. Ms. Cook is expected to testify about: the hostile work environment to which black and African employees generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; and statements and conduct of John Handy that reflected retaliatory animus towards anyone participating in or supporting the allegations of discrimination against Defendants.

14. <u>Laura K. Johnson</u>. Ms. Johnson is expected to testify regarding the preparation and foundation of summary exhibits to be offered by Plaintiffs.

(2)   Witnesses who may be present at trial or whose testimony may be presented by deposition:

2

1. <u>Michael Wilbourn</u>.*  Mr. Wilbourn is expected to testify regarding: Defendants' human resources policies and practices; his inquiries into various of the allegations made by Plaintiffs and Plaintiff Intervenor; Defendants' response, and lack thereof, to those allegations; the interrelatedness of the two Defendants; and most if not all of the adverse employment actions complained of in this case.

2. <u>Amy Hodges</u>.*  Ms. Hodges is expected to testify about:  the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; her animosity towards minority employees; the protected activities of Messrs. Patricelli and Sanchez; and her allegations against Messrs. Patricelli and Sanchez.

3. <u>John Handy</u>.*  Mr. Handy is expected to testify regarding:  Defendants' human resources policies and practices; the interrelatedness of the two Defendants; all adverse employment actions which are complained of in this action and which occurred after he began his employment with Defendants; the complaints and allegations made by Plaintiffs and Plaintiff Intervenor after such date; and Defendants' response, or lack thereof, to such allegations.

4. <u>Leslie Capra</u>.*  Ms. Capra is expected to testify regarding: Defendants' human resources policies and practices; the interrelatedness of the two Defendants; all adverse employment actions which are complained of in this action; the complaints and allegations made by Plaintiffs and Plaintiff Intervenor; and Defendants' response, or lack thereof, to such allegations.

5. <u>Noumady Sissoko</u>.*  Mr. Sissoko is expected to testify about:  the hostile work environment to which black and African employees generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; and the circumstances of Mr. Patricelli's termination; the circumstances surrounding Moussa Dembele's employment with Defendants and his termination; the productivity of other workers at Matheson.

6. <u>Jim Grant</u>.*  Mr. Grant is expected to testify regarding: Defendants' human resources policies and practices; the interrelatedness of the two Defendants; the complaints and allegations made by Plaintiffs and Plaintiff Intervenor; and Defendants' response, or lack thereof, to such allegations.

7. <u>Mark Matheson</u>.*  Mr. Matheson is expected to testify regarding: Defendants' human resources policies and practices; the interrelatedness of the two Defendants; the complaints and allegations made by Plaintiffs and Plaintiff Intervenor; and Defendants' response, or lack thereof, to such allegations.

8. <u>Shawn Taylor</u>.* Mr. Taylor is expected to testify regarding: Defendants' human resources policies and practices; the interrelatedness of the two Defendants; all adverse employment actions which are complained of in this action; the complaints and allegations made by Plaintiffs and Plaintiff Intervenor; and Defendants' response, or lack thereof, to such allegations.

9. <u>Joshua Reep</u>.  Mr. Reep is expected to testify regarding: the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; the protected activities of Messrs. Patricelli and Sanchez; John Handy's retaliatory attitude; the employment of Walter Outlaw.

10. <u>Claude Lowery</u>. Mr. Lowery is expected to testify regarding: the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; and the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid.

11. <u>Bruce Rabe</u>. Mr. Rabe is expected to testify regarding: the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; Mr. Rabe's work schedule;  the protected activities of Messrs. Patricelli and Sanchez; John Handy's retaliatory attitude; and the employment of Walter Outlaw

12. <u>Terry Goodwin</u>.* Mr. Goodwin is expected to testify regarding: the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the hiring of African employees in the fall of 2010; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; Mr. Goodwin's method of dealing with the suspension of the "Pilot Project" in December 2010; the June 2011 shift bid; John Handy's retaliatory attitude; the hiring and employment

4

of Walter Outlaw; the application and non-hire of Mohamed Kaba; training and hiring of forklift drivers; and Defendants' response to Plaintiffs' allegations of discrimination.

13. <u>Tom Tagart</u>.* Mr. Tagart is expected to testify regarding: Defendants human resources policies and practices; Defendants' response to Plaintiffs' and Plaintiff Intervenor's allegations of discrimination; the circumstances surrounding the termination of Mr. Patricelli; use of forklifts in the Denver operation; management of the Denver facility; and the interrelation of the two Defendants.

14. <u>Bob Phelan</u>.* Mr. Phelan is expected to testify regarding: Defendants human resources policies and practices; Defendants' response to Plaintiffs' and Plaintiff Intervenor's allegations of discrimination, or lack thereof; and the interrelation of the two Defendants.

15. <u>Patty Hernandez</u>. Ms. Hernandez is expected to testify regarding the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; John Handy's retaliatory attitude and discrimination; and the circumstances surrounding the termination of Mr. Sanchez

16. <u>Roberto Hernandez</u>. Mr. Hernandez is expected to testify regarding the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson, and John Handy's retaliatory attitude and discrimination.

17. <u>Karen Gomez</u>. Ms. Gomez is expected to testify regarding: the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; irregular schedules of white employees; Mr. Patricelli, generally; Amy Hodges, generally; John Handy's retaliatory attitude; the employment of Walter Outlaw.

18. <u>Gary Martin</u>. Mr. Martin is expected to testify regarding: his employment as a lead; his promotion to a permanent employee; his promotion to a lead; Mr. Patricelli, generally; Amy Hodges, generally; the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; irregular schedules of white employees; and John Handy's retaliatory attitude.

5

19. <u>Jeremy Doudna</u>.* Mr. Doudna is expected to testify regarding: his employment as a lead; his promotion to a lead; Mr. Patricelli, generally; Amy Hodges, generally; the hostile work environment to which black and African employees generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; promotion of employees to permanent employees from temporary employees; the benefits of being a permanent employee; the irregular schedules of white employees; John Handy's retaliatory attitude; the employment of Walter Outlaw; training and hiring forklift drivers; and the employment and termination of Moussa Dembele, Wayne Christiansen, and Randall Barber.

20. <u>Toni Jacobs</u>. Ms. Jacobs is expected to testify regarding the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; and statements and conduct of John Handy that reflected retaliatory animus towards anyone participating in or supporting the allegations of discrimination against Defendants.

21. <u>Dominique Dickerson</u>. Mr. Dickerson is expected to testify regarding the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; statements and conduct of John Handy that reflected retaliatory animus towards anyone participating in or supporting the allegations of discrimination against Defendants; and the circumstances of his promotion to lead.

22. <u>Wiley Coleman</u>. Mr. Coleman is expected to testify regarding: the hostile work environment to which black and African employees and Plaintiff Intervenor generally were subjected at Matheson; the favoritism shown to white employees during Leslie Capra's tenure as Station Manager, including but not limited to in connection with the December 2010 furloughs and June 2011 shift bid; and statements and conduct of John Handy that reflected retaliatory animus towards anyone participating in or supporting the allegations of discrimination against Defendants.

23. <u>Nancy A. Sienko</u>, Field Office Director, or other representative of the EEOC

    U.S. Equal Employment Opportunity Commission

        303 E. 17th Avenue, Suite 410
        Denver, CO  80203
        (800) 669-4000

Ms. Sienko is expected to testify regarding the investigation conducted and conclusions reached by the E.E.O.C.

24. Any witnesses listed by Defendants

25. Any witnesses necessary for rebuttal

26. Any witnesses necessary to lay a foundation for exhibits

b. Expert witnesses to be called by Plaintiffs:

(1) witnesses who will be present at trial

1. <u>Patricia Pacey</u>, Ph.D.  Dr. Pacey is expected to testify regarding the statistically significant disparities in the treatment of black and white employees during the December 2010 furloughs and the economic damages suffered by each Plaintiff.

*Indicates witnesses whose testimony may be presented by deposition transcript, if their attendance at trial cannot be secured.