**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NUMBER: 12-cv-03040-CMA-CBS

MAHAMET CAMARA, MOUSSA DEMBELE, ANDRE DE OLIVEIRA, BEMBA DIALLO, SALIF DIALLO, MACIRE DIARRA, ERNIE DUKE, MOHAMED KABA, DEAN PATRICELLI, and ERNEST WILLIAMS, individuals,

Plaintiffs,

And

CRESENCIO SANCHEZ, an individual,

Plaintiff-In-Intervention

v.

MATHESON TRUCKING, INC., a California corporation, and MATHESON FLIGHT EXTENDERS, INC., a California corporation,

Defendants.

---

## PLAINTIFFS' MOTION IN LIMINE

---

Plaintiffs, by and through their undersigned counsel, hereby submit their Motion in Limine, and in support thereof, state as follows:

**Certification of Compliance with D.C.Colo.L.R. 7.1A:** Prior to the filing of this motion, the undersigned counsel contacted Defendants Matheson Trucking, Inc. and Matheson Flight Extenders (collectively "Matheson"). Defendants oppose this motion.

### I.  INTRODUCTION

Plaintiffs ask the Court to bar Matheson from presenting evidence: (1) about Plaintiff Bemba Diallo's ("Mr. B. Diallo") altercation with Noumady Sissoko on or around June 29, 2012; (2) evidence of the *EEOC v. Milgard Manufacturing, Inc.*, Case No. 01-

1

MK-1731 (D. Colo.) ("Milgard Lawsuit"); and (3) evidence suggesting any Plaintiff entered into a "sham marriage."

## II. Matheson Should Not be Permitted to Introduce Evidence of an Altercation Between Bemba Diallo and Noumady Sissoko.

On or around June 29, 2012, Mr. B. Diallo and another employee, Mr. Sissoko, got into an altercation at work. The incident resulted in the termination of both Mr. B. Diallo and Mr. Sissoko, but Mr. B. Diallo asserts no claims in connection with his termination. Rather, all claims asserted by Mr. B. Diallo in this action arise from events which occurred prior to his altercation with Mr. Sissoko.

Nonetheless, Matheson includes Jennifer Mayhew, an investigator with Mountain States Employer Council (MSEC), on its witness list. Ms. Mayhew's only connection to this matter is that she was retained by Matheson to investigate the altercation between Messrs. B. Diallo and Sissoko. She prepared a report of her investigation, which Matheson included on its list of trial exhibits. This report, as well as any testimony which could be offered by Ms. Mayhew, is inadmissible hearsay. More generally, evidence regarding the altercation between Messrs. B. Diallo and Sissoko should be excluded as irrelevant and prejudicial.

### A. Ms. Mayhew's Report and Testimony are Inadmissible Hearsay.

Ms. Mayhew witnessed nothing. Rather, she could testify only to what others told her about the altercation. Her report is hearsay within hearsay – it constitutes her out-of-court statements regarding the out-of-court statements of others to her. *See* Mayhew Report, attached as Exhibit A; *Cf. TK–7 Corp. v. Estate of Barbouti,* 993 F.2d 722, 729 (10th Cir.1993). Such investigative reports may be admitted only if an exception to the

hearsay rule is established for both layers of the hearsay.[1]  *Hook v. Regents of Univ. of California*, 394 F. App'x 522, 530 (10th Cir. 2010).

Plaintiffs anticipate that Matheson will rely on the business records exception. "The business records exception is based on a presumption of accuracy, accorded because the information is part of a regularly conducted activity, kept by those trained in the habits of precision, and customarily checked for correctness, and because of the accuracy demanded in the conduct of the nation's business."  *United States v. Snyder*, 787 F.2d 1429, 1433-34 (10th Cir. 1986) (citation omitted).  To satisfy the business record exception, a document must, *inter alia*, have been prepared in the normal course of business and not have involved sources, methods, or circumstances indicating a lack of trustworthiness. *Id.* at 1140-41 (quoting *Hertz v. Luzenac America, Inc.,* 370 F.3d 1014, 1017 (10th Cir.2004)).  "It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business." *Timberlake Const. Co. v. U.S. Fidelity & Guar. Co.,* 71 F.3d 335, 342 (10th Cir. 1995).

The Mayhew Report is not a business record, because it was prepared in anticipation of litigation. Prior to the MSEC investigation, there is no evidence that Matheson had conducted any investigations of this nature. Moreover, Mr. B. Diallo, along with all of the other Plaintiffs, had filed Charges of Discrimination against Matheson the year before, and those Charges remained under investigation by the E.E.O.C.  *See*, *e.g.*, Charge of Discrimination attached as Exhibit B.  Finally, at the time of the altercation and Matheson's retention of Ms. Mayhew, Matheson already was scheduled to attend a three-

---

[1] The rule often is different where the investigative report concerns the very adverse action alleged to be discriminatory, in which case it may be offered not for the truth of the matter, but to show the employer's state of mind in making the employment decision.  That rule does not apply here, because B. Diallo's termination is not at issue in this case.

day mediation with Mr. B. Diallo and the other Plaintiffs the following month. *See* JAG Confirmation of Settlement Conference, attached as Ex. C.  Because Matheson retained Ms. Mayhew outside the scope of its ordinary practices and in the context of pending adversary proceedings between Matheson and Mr. B. Diallo, Ms. Mayhew's Report is not a business record and lacks the indicia of reliability necessary to treat it as one.

### B. Evidence of the June 2012 Altercation Is Irrelevant and Prejudicial.

More generally, all evidence regarding the June 2012 altercation, including Ms. Mayhew's investigation report and testimony, is irrelevant. Alternatively, and at a minimum, its probative value is substantially outweighed by the danger of "unfair prejudice, . . . misleading the jury, . . . [and] wasting time." FRE 403.

In *Phathong*, the court excluded all evidence of a plaintiff's past fights because any relevance was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the potential of misleading the jury. *Phathong v. Tesco Corp. (US)*, 10CV00780, 2012 WL 1205523, at *2 (April 11, 2012). There, the defendant attempted to introduce the evidence of past fights because, as they argued, it was evidence of plaintiff's prior injuries. The court noted, however, that it was possible to introduce evidence of injuries without introducing evidence of the fights and the prior fights were not at issue in the case. *Id.* at *2-3.

Here, evidence relating to the altercation has even less relevance to this lawsuit. Mr. B. Diallo makes no claim based on the altercation. All of the acts and actions upon which Mr. B. Diallo's claim is based predated the altercation. Allowing Defendants to introduce evidence relating to the altercation would cause undue delay and waste time, and could serve only to unfairly prejudice the jury against B. Diallo.

### III. Matheson Should Not be Permitted to Introduce Evidence of the Milgard Lawsuit.

The Court should bar Matheson from offering at trial any evidence of a class action lawsuit filed by the E.E.O.C. against Milgard Manufacturing, Inc. ("Milgard"), including but not limited to Mr. B. Diallo's status as a class member in that action.

In 2001, the E.E.O.C. filed a class action lawsuit in the District of Colorado against Milgard, alleging that it discriminated on the basis of race in various aspects of employment, including hiring. *Milgard Manu., Inc.*, 01-MK-1731 (D. Colo. 2001). Because Mr. B. Diallo had applied for and been denied employment with Milgard, he was included in the class on behalf of which the E.E.O.C. sued. Exhibit D. After the E.E.O.C. reached a settlement with Milgard in 2005 (five years before the earliest events giving rise to this action), Mr. B. Diallo received notice of and opted to join in the settlement. *Id.* Based on deposition questioning, Matheson appears to intend to use these circumstances in some kind of attempt to cast doubt on Mr. B. Diallo's motivations in bringing this action.

Evidence of prior lawsuits constitutes prior acts for the purpose of introducing that evidence at trial. *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008). Evidence of prior "acts is not admissible to prove the character of a person." Fed.R.Evid. 404(b). Courts do not generally allow evidence of prior lawsuits unless the prior lawsuit was fraudulently filed. *See Batiste-Davis*, 536 F.3d at 380 (citing First, Second, and Seventh Circuit precedents). "[D]efendants cannot admit evidence of plaintiff's prior lawsuits for the purpose of proving that plaintiff is litigious." *Van Deelen v. Johnson*, No. 05-4039-SAC, 2008 WL 4683022, at *2 (D. Kan. Oct. 22, 2008).

In *Byrne*, the court held that evidence of a plaintiff's past discrimination and retaliation case was not admissible. *Byrne v. Gainey Transp. Servs., Inc.*, 2005 WL

1799213, at *2 (D. Kan. July 11, 2005). There, defendants argued that plaintiff's prior settlement with a different employer was admissible to show that plaintiff complained of discrimination in bad faith in order to get another payout. The court reasoned that it would be unfair to require a plaintiff to justify a prior lawsuit as well as prove her case against the current defendant. *Id.*

The Milgard Lawsuit has absolutely no relevance to this case, especially considering that Plaintiff B. Diallo was merely an unnamed class member and it was settled nearly ten years ago. *Cf. Batiste-Davis* at 381 (excluding evidence of lawsuit filed six years previously as having "minimal" probative value). Lastly, any perceived purpose for Defendants using evidence relating to the Milgard Lawsuit would be merely to show that Mr. B. Diallo is litigious, and therefore, it is per se inadmissible, *see e.g.*, *Van Deelen*, 2008 WL 4683022, at *2, or otherwise to try and prejudice the jury.

### IV.     Matheson Should Not be Permitted to Introduce Evidence Regarding the Legitimacy of Plaintiffs' Marriages.

Multiple Plaintiffs' current immigration status was obtained through marriages to American citizens. This includes Moussa Dembele, who was married to his first wife from 1997 until 2011; Macire Diarra, who married his current wife in 2003; Bemba Diallo, who was married to his prior wife from 2004 until 2009; Salif Diallo, who was married from 2004 until 2014; Andre De Oliveira, who married his current wife in 2006; and Mahamet Camara, who was married to his second wife from 2007 until 2012.[2] None of these Plaintiffs have been accused by federal authorities of entering into sham marriages for the purpose of obtaining a permanent residency or citizenship. Nonetheless, during

---

[2] The marriages listed are those that were the basis for a change in immigration status. Some Plaintiffs had prior or subsequent marriages that are not relevant to this discussion.

depositions, counsel for Defendants repeatedly asked questions about these marriages and insinuated that they may have been fraudulent.

Courts routinely bar evidence of prior marriages, even where there is proof that the prior marriage was only for purposes of immigration, because it is unfairly prejudicial and/or irrelevant. For example, in *Ulloa*, the court ruled that evidence of a sham marriage was inadmissible due to the fact that "over a quarter-century had elapsed between [the witness'] sham divorce and the time of trial. This gulf of time is, in this court's view, too large for evidence of that instance of untruthfulness to have any value to the jury in assessing [the witness'] veracity." *U.S. v. Ulloa*, 942 F.Supp.2d 202, 206 (D.N.H. 2013) (citation omitted). *See also United States v. Holden,* 557 F.3d 698, 703 (6th Cir.2009) (prior misrepresentations properly excluded as having "little if any relevance to [witness's] ability to testify truthfully about an unrelated subject more than a decade later").

The case for exclusion is even clearer when there has been no finding that the witness' marriage was a sham. For example, the Second Circuit affirmed a trial judge's refusal to allow questioning regarding an "unsubstantiated notation of a hearsay allegation" that was contained in the witness's "alien file and naturalization documents." *U.S. v. Singh, 628 F.2d 758, 764 (2d Cir. 1980).* The court noted that a trial judge must set limits of cross-examination and the jury was otherwise given sufficient information with which to judge the credibility of the witness. *Id. See also U.S. v. Miles*, 889 F.2d 382, 384 (2d Cir. 1989) (affirming exclusion of evidence of sham marriage).

In *Lawrence*, the court held it was reversible error when a district court allowed the prosecution to introduce evidence of a defendant's "marriage of convenience" where defendant was convicted of mail fraud and bankruptcy fraud. *U.S. v. Lawrence*, 189 F.3d

838, 841 (9th Cir. 1999). The marriage in that case appeared to be a sham for the employer's spouse benefits. The court held that "[a]ny relevance this testimony may have had is easily outweighed by the unfair prejudicial effect it had on the jury's ability to focus on the issues relevant to the charges." *Id.* at 843.

In a somewhat related context, courts routinely grant motions in limine to bar evidence of plaintiffs' immigration status in Fair Labor Standards Act cases. *See e.g.*, *Corona v. Adriatic Italian Restaurant & Pizzeria*, 2010 WL 675702, at *1 (S.D.N.Y. Feb. 23, 2010) (granting plaintiffs' motion in limine); *Solis v. Cindy's Total Care, Inc.*, 2011 WL 5170009, at *2 (S.D.N.Y. Oct. 31, 2011) (noting that there could be unfair prejudice to the plaintiffs and that plaintiffs' immigration statuses had nothing to do with the lawsuit) *supplemented by Solis v. Cindy's Total Care, Inc.*, 2011 WL 6013844 (S.D.N.Y. Dec. 2. 2011).

None of the Plaintiffs in this lawsuit have been convicted of or even charged with marriage fraud. Moreover, the most recent marriage of any of the foreign-born Plaintiffs was over seven years ago and, therefore, has no relevance to this case. *See Holden,* 557 F.3d at 703. Thus, the Court should bar Defendants from asking questions about, or otherwise insinuating that, Plaintiffs entered into sham marriages.

## V. CONCLUSION

Defendants improperly seek to introduce evidence that would be highly prejudicial and has little relevance. Thus, the Court should bar this evidence.

**WHEREFORE**, Plaintiffs request an Order of the Court GRANTING the foregoing Motion.

Respectfully submitted this 18th day of December, 2014.

        *s/    Justin M. Plaskov*
Lynn D. Feiger
Justin M. Plaskov
Lohf Shaiman Jacobs Hyman & Feiger PC
950 S. Cherry Street
Suite 900
Denver, CO 80246
Telephone:  303.753.9000

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway
Suite 3225
Denver, CO 80202
Telephone: 303.377.7888

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2014, a true and correct copy of the foregoing **PLAINTIFFS' MOTION IN LIMINE** was filed with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, and served upon the following:

Stacey A. Campbell, Esq.
Daniel M. Combs, Esq.
Kalisha Salome Chorba, Esq.
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
stcampbell@littler.com
dcombs@littler.com
kchorba@littler.com

Mark Berumen, Esq.
Berumen Law Firm, P.C.
1450 S. Havana Street, Suite 412
Aurora, CO  80012
markberumen@berumenlaw.com


        *s/ Justin M. Plaskov*