**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 12-cv-03040-CMA-CBS

MAHAMET CAMARA,
MOUSSA DEMBELE,
ANDRE DeOLIVEIRA,
BEMBA DIALLO,
SALIF DIALLO,
MACIRE DIARRA,
ERNIE DUKE, and
DEAN PATRICELLI,

      Plaintiffs,

v.

MATHESON TRUCKING, INC., a California corporation; and
MATHESON FLIGHT EXTENDERS, INC., a California corporation,

      Defendants.

---

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO EXCLUDE EXPERT
TESTIMONY AND RESERVING RULING IN PART**

---

This matter is before the Court on Plaintiffs' Motion to Exclude Expert Testimony

(Doc. # 131.)  Plaintiffs argue that the opinions of Defendants' rebuttal expert, Lisa

Meer, should be excluded both because Ms. Meer is unqualified to offer these opinions

and they are contrary to settled law.

Defendants endorsed Ms. Meer as a rebuttal expert to Plaintiffs' expert witness,

Patricia Pacey, Ph.D.   Among other things, Dr. Pacey will testify regarding Plaintiffs'

back pay and front pay losses, including the discount rate which should be applied to

any front pay damages.  (Doc. # 131-1 at 11.)  She will also opine regarding a statistical

analysis she conducted of a four-week furlough carried out by the Defendant in December of 2010.  (Doc. # 131-1 at 3-4.)  Specifically, Dr. Pacey employed a "standard means" test which resulted in a statistically-significant correlation between the extent to which each employee's hours were reduced during this furlough and whether the employee was black or African.  (*Id.*)  This correlation remained statistically significant when Dr. Pacey ran multiple regression analyses, controlling for the additional variables of employee tenure and the shift that an employee was working when he was furloughed.  (*Id.*)

Plaintiffs seek to exclude two specific portions of Ms. Meer's rebuttal testimony. The first objection relates to Ms. Meer's opinion regarding the soundness of Dr. Pacey's statistical analysis, in which she states that Dr. Pacey's interpretation of the standard means test was "improper," because

> the employee data utilized for Dr. Pacey's hypothesis test fail to meet the criteria for the type of test performed.  In order for the test results to be meaningful, both of the selected samples (in this case, black employees and non-Black employees or African employees and non-African employees) should be normally distributed or greater in number than 30. In this case, the sample of black employees included only 14 employees and the sample of African employees included only 8 employees.  As such, the application of a t-test of two means is technically incorrect.

(Doc. # 131-4 at 56, 57-58.)  Additionally, Ms. Meer will testify that the multiple regression analysis was "flawed and unreliable," because it failed to account for other potential explanatory variables, including "the relative productivity of one employee as compared to another; the extent to which each employee attempted to pick up shifts while s/he was on-call; the qualifications of each employee (e.g., forklift experience,

etc.); the contract to which each employee was assigned;[1] whether each employee worked a day or swing shift; or whether each employee generally worked only on weekdays or also some weekend shifts."   (*Id.* at 58.)

Second, Plaintiffs object to Ms. Meer's testimony regarding application of a discount rate to Plaintiffs' economic damages.  In particular, Ms. Meer's report argues that Dr. Pacey should have applied a discount rate to Plaintiffs' back pay losses.  (*Id.* at 88.)  Her report also contends that the discount rate Dr. Pacey applied to Plaintiffs' front pay losses was "unreasonably low" because the rate failed to account for future events, besides investment returns and wage growth, that could have prevented the plaintiff from receiving the lost income.  (*Id.* at 89.)

## I.  STANDARD OF REVIEW

Under *Daubert*, the trial court acts as a "gatekeeper" of proffered expert testimony by reviewing that testimony for relevance pursuant to F.R.E. 401 and reliability pursuant to F.R.E. 702.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-95 (1993); *see also United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) ("the district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.")  The "gatekeeping" requirement set forth in *Daubert* "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  The proponent of a challenged expert must demonstrate by a

---

[1] Dr. Pacey later submitted a supplemental report which found a statistically significant correlation when she ran the multiple regression analysis with the additional variable of the contract to which employee was assigned when he was furloughed.  (Doc. # 131-5.)

preponderance of the evidence that the expert's testimony and opinion is admissible.

*United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009); F.R.E. 702 advisory

comm. notes.

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  Rule

702 provides that a witness who is qualified as an expert by "knowledge, skill,

experience, training, or education" may testify if:

> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)  the testimony is based on sufficient facts or data;
> (c)  the testimony is the product of reliable principles and methods; and
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.

## II. <u>ANALYSIS</u>

### A.  MS. MEER'S TESTIMONY REGARDING THE PROPER DISCOUNT RATE TO APPLY TO FRONT PAY AND BACK PAY AWARDS

Defendants argue that the Court need not exclude this testimony at trial because

the Court determines the appropriate discount rate in determining any back and front

pay damages, not the jury, so evidence regarding the discount rate would not be

relevant at trial in any case.  *See Whittington v. Nordam Grp. Inc.*, 429 F.3d 986, 1000

(10th Cir. 2005).  The Court agrees.  Accordingly, the proper discount rate is a legal

matter on which the Court will rule at a later point, if Plaintiffs prevail at trial and it

becomes necessary to do so, and Plaintiff's Motion thus is GRANTED in part.

### B.  MS. MEER'S OPINIONS REGARDING THE PROPRIETY OF DR. PACEY'S STATISTICAL ANALYSIS

Plaintiffs argue that the Court should exclude Ms. Meer's testimony regarding the

soundness Dr. Pacey's statistical methodology because Ms. Meer is unqualified to testify regarding statistical analysis generally (as well as statistical analysis in the employment context specifically).

It appears from the materials submitted in the Plaintiffs' Motion that Ms. Meer may not be qualified to critique the underlying basis of the statistical methodology employed by Dr. Pacey. It is undisputed that Ms. Meer's only formal statistical training came from two undergraduate courses in statistics, which she took over thirty years ago. (Doc. # 131 at 5.) Although Defendants argue that Ms. Meer is qualified by virtue of the knowledge and experience she has acquired in 30 years of work as a financial analyst and accountant, as Plaintiffs rightly note, an expert must be qualified to speak about the specific subject for which her testimony is offered. *See Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir.1994) (internal citations omitted) ("The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question"); *see also Paris v. Ford Motor Co.*, 2007 WL 4967217, at *5 (D.N.M. 2007) ("an expert must be qualified to opine regarding the specific issues raised in [the] case"); *United States v. Fredette*, 315 F.3d 1235, 1240 (10th Cir. 2003) (citing F.R.E. 702 advisory committee's note) (noting that if a witness is relying solely or primarily on experience, he or she must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis of the opinion, and how that experience is reliably applied to the facts).

In other words, for this portion of Ms. Meer's testimony to be admissible, Defendants must provide a sufficient foundation to demonstrate that Ms. Meer's

knowledge and experience specifically qualifies her to discuss whether Dr. Pacey

rendered a proper statistical analysis here.

This being said, the Court believes Defendants should have an opportunity to

establish a more complete record as to Ms. Meer's qualifications.  As such, the Court

reserves ruling on Ms. Meer's qualifications to so opine.  If the parties wish to resolve

this issue before trial, they should call the Court as soon as practicable to set a hearing.

### III.  CONCLUSION

Accordingly, the Court ORDERS that Plaintiffs' Motion to Exclude Expert

Testimony is GRANTED IN PART and RULING IS RESERVED as to the remainder.

DATED:  January 13, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge