**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NUMBER: 12-cv-03040-CMA-CBS

MAHAMET CAMARA, ANDRE DE OLIVEIRA, BEMBA DIALLO, SALIF DIALLO, MACIRE DIARRA, ERNIE DUKE, and DEAN PATRICELLI, individuals,

Plaintiffs,

v.

MATHESON TRUCKING, INC., a California corporation, and MATHESON FLIGHT EXTENDERS, INC., a California corporation,

Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
REGARDING PLAINTIFFS' SUMMARY EXHIBITS**

Plaintiffs, by their undersigned counsel and pursuant to the Court's instructions, file this response to Defendants' Motion in Limine regarding Plaintiffs' Summary Exhibits, and state as follows:

I.   Introduction

Pursuant to the Court's instructions, Plaintiffs have significantly narrowed their list of summary exhibits that they intend to use. Plaintiffs intend to offer only six of the summary exhibits which are the subject of Defendants' Motion; specifically, exhibits 214, 217, 223, 224, 225, and 227.[1] Plaintiffs primarily seek to introduce Part A of each summary but request the court to admit Part B of each summary as well in order to support and help the jury understand the information contained in each Part A. Part B is

---

[1] Plaintiffs have eliminated Exhibits 215, 216, 218, 219, 220, 221, 222, 226.

1

included for ease of the Court and ease of opposing counsel to determine what underlying information Plaintiffs are relying on for their Part A summaries.

Rather than identifying any errors in Plaintiffs' summaries, Defendants rely on general arguments that they are based on inadmissible evidence; that the summaries are inaccurate and prejudicial; and the documents that Plaintiffs summarize are not voluminous. All of these arguments fail with regard to the summaries that Plaintiffs seek to introduce.

II.   Argument

The summary exhibits that Plaintiffs intend to introduce are proper summaries of information pursuant to 1006.   The information contained in these documents largely comes from the hundreds of pages of detailed time records produced by Defendants,' with demographic information coming from Defendants' employee lists. Defendants produced these records in response to discovery requests. The underlying documents which Plaintiffs rely on are all admissible, and Defendants do not claim that this information is inaccurate. Defendants cite to no authority to state that Plaintiffs cannot rely on Defendants' business records for summaries. Indeed, it is not necessary that the underlying records were prepared by the person who compiles the information for summary exhibits. *See Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 31–32 (1st Cir. 2011) (affirming the district court's decision to admit summary exhibits and giving an extensive overview the case law with respect to summary exhibits).

With respect to Defendants' argument that the information is not accurate and non-prejudicial, Defendants referenced Exhibits 214, 215, 216, 219, 221, and 226.

Plaintiffs withdraw all of those summaries except for Exhibit 214. Defendants' arguments regarding Exhibit 214 are addressed below.

Regarding Defendants' argument that the records on which Plaintiffs rely are not voluminous, Defendants pointed to one summary, Exhibit 218. Plaintiffs have withdrawn this exhibit. Finally, Defendants raise a number of largely unspecified objections to incidental aspects of the summaries, such as explanatory footnotes and headings. If the Court finds any of these objections meritorious, Plaintiffs would ask leave to tender an exhibit revised to address the concern, because it would be prejudicial to allow Defendants to deny Plaintiffs that opportunity, simply by waiting until the 11th hour to specify their objections.

### A.  Exhibit 214

Plaintiffs Exhibit 214 contains a direct comparison of white and black hours on the Graveyard shift from October 2010 through January 2, 2011. This information was culled from Defendants' voluminous time records produced through discovery and based on a painstaking compilation of each employees daily clock in and clock out times. Plaintiffs limit the information contained in Exhibit 214 to any workers who worked as material handlers on the graveyard shift. The graveyard shift is an appropriate limiting factor because there was no layoff on the swing shift, and the day shift was entirely eliminated during the suspension of the trucking project. (Depo. of Terry Goodwin at 43:4-17, 70:11-14.) Moreover, and more importantly, every Plaintiff worked on the graveyard shift and all of the claims asserted in this case arise solely from allegations of discrimination and harassment occurring on the graveyard shift.

Defendants' only specific stated objection to this exhibit is that it does not control for availability and seniority. (Defs' MIL, p.5). If Defendants wish to introduce evidence of availability and seniority, they are free to do so. The fact that Plaintiffs did not control for every potentially relevant factor does not make this exhibit unreliable or inaccurate. Rather, the arguments Defendants raise go to the weight of the evidence, not its admissibility.

### B. Exhibit 217

Exhibit 217 contains information of when certain employees clocked in and out following the shift bid. These are the employees whom individual Plaintiffs have testified worked schedules that were available on the shift bid. Calculating this information requires looking at every daily time record for each employee.

Defendants' only stated objection to this exhibit is that it contains "out of court statements." Defendants do not cite any specific out of court statement they believe is hearsay. The bottom line is that the underlying information is business records of Defendants, was produced by Matheson in response to discovery requests, and was received and synthesized by Laura Johnson. Thus, Plaintiffs may rely on these business records for their summaries. *See Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 31–32 (1st Cir. 2011) (and cases cited therein).

Furthermore, the information contained in this exhibit is an accurate reflection of these employees' clock in and clock out times. It would be highly prejudicial to not allow Plaintiffs to introduce this information, and it would be nearly impossible for Plaintiffs to introduce this information by other means, because of the voluminous nature of the

underlying documents. Lastly, Exhibit 217 contains the most accurate and reliable information of when these employees worked.

### C. Exhibit 223

Exhibit 223 is a chart of all material handlers who were working the night shift pre-furlough and the hours that each employee worked during the furlough, along with information directly relevant to the explanations Matheson has given for its furlough decisions. Plaintiffs stipulated to the admission of two of Defendants' exhibits showing December hours. However, this is the only available chart that shows hours worked during the exact dates of the furlough.  To allow Defendants to offer less-relevant information (because it shows a time period which only roughly correlates with the period of the furloughs) while excluding available, more-relevant information would be prejudicial and serve no purpose.

This exhibit includes the average time out by each employee because Defendants allege that employees were furloughed because those employee "left early." Plaintiffs have already introduced testimony that many of the non-furloughed employees left earlier than Plaintiffs who were furloughed. Here again, however, the most accurate information on which the jury can rely is the actual clock-out times of each employee. Without this information, the jury must rely on a he said, she said debate and would highly prejudice Plaintiffs.

Additionally, to the extent Defendants challenge the reliability of the December schedules introduced into evidence today, the point is irrelevant. First, for summaries, the underlying documents need only to be admissible. *United States v. Harmath*, 580 F.

App'x 591, 594 (9th Cir. 2014). The December schedules are already admitted into evidence.[2]

### D. Exhibit 224

Similar to Exhibit 223, Exhibit 224 focuses on the furlough. The information contained in this exhibit has information relating to how many shifts an employee worked during prior to the furlough. Ms. Capra stated to Plaintiff De Oliveira that he was put on call because he did not work more than two shifts a week. This exhibit demonstrates that white employees who were scheduled worked fewer than two shifts a week. It also adds information regarding the average time each employee clocked in, which goes to Matheson's claim that it furloughed employees on the basis of whether or not they were able to work the entire shift. While it might have been possible to combine all information in exhibits 223 and 224 into one document, Plaintiffs judged that such a document would become overly cluttered, and therefore, less useful. No rule prohibits such a decision.

Defendants point to no specific information in this exhibit that is inaccurate. All information contained therein is based upon admissible evidence.

### E. Exhibit 225

Exhibit 225 shows material handlers who were hired as temporary employees in the fall of 2010 and became permanent employees in the spring of 2011.[3] This is a

---

[2] In addition to Mr. Patricelli's testimony that those were the bid schedules, Matheson's Lead and witness, Jeremy Doudna testified as to their authenticity at his deposition. (Depo. of Jeremy Doudna, at 65:1-4). These schedules were produced by Defendants and Defendants have yet to identify any other time for when these schedules may have been in effect.

[3] Plaintiffs have renamed this exhibit "Weekly Hours for Material Handlers Hired in September 2010 and Made Permanent in Spring 2011." Counsel will provide updated copies reflecting this change prior to 8:00 a.m. on January 29, 2015.

complete list of these employees. Mr. Patricelli testified that his schedule did not change after he attained regular status even though the "posting" and signature page for the bid stated that it was an on call position and hours could change. This summary contains the most reliable information relating to employees other than Mr. Patricelli on whether their hours changed after they became permanent.

Although Defendants state that they object to all of Plaintiffs' summaries. Defendants did not specify any specific objection to this summary.

### F.  Exhibit 227

Lastly, Exhibit 227 demonstrates the hours worked by Mr. Salif Diallo for his wage claim. Plaintiffs have Matheson's records for his actual hours worked up until the end of 2011. However, thereafter, Plaintiffs rely on Mr. Diallo's W2's for his work hours. This provides the exact number of hours worked by Mr. Diallo for the year, and the summary simply divides that by the number of weeks Mr. Diallo worked in the year to arrive at the average hours per week.  Plaintiffs disclosed Mr. Salif Diallo's W2's and listed them as underlying documents to this exhibit. Moreover, Ms. Laura Johnson can testify on direct and cross as to how she calculated these numbers. The jury should be able to determine if this is a sufficient and accurate reflection of the hours Mr. Salif Diallo worked pursuant to his claim for vacation hours.  Alternatively, Plaintiffs could introduce the underlying evidence. The summary, however, prevents the jury from sifting through voluminous records and making these calculations. Indeed, Defendants do not dispute Plaintiffs' calculations.

Defendants object that this information is inaccurate because Plaintiffs do not state how many hours Mr. Salif Diallo worked each individual week. This, however,

does not prejudice Defendants. First, Defendants can use cross examination to elicit how this information was obtained. Moreover, and significantly, Defendants can use the actual clock in and clock out records of Mr. Salif Diallo to show actual hours worked if they claim that the information in the summary inaccurately reflects how many hours Mr. Salif Diallo worked.

### III. Conclusion

Defendants seek to prevent Plaintiffs from introducing relevant and admissible evidence because it demonstrates hard evidence establishing the basis for Plaintiffs claims in the lawsuit. Not allowing Plaintiffs to introduce these summaries would unduly prejudice Plaintiffs and would deny them justice.

Respectfully submitted this 28th day of January, 2015.

        *s/  Justin M. Plaskov*
Lynn D. Feiger
Justin M. Plaskov
Lohf Shaiman Jacobs Hyman & Feiger PC
950 S. Cherry Street, Suite 900
Denver, CO 80246
Telephone:  303.753.9000

Brian T. Moore
Jester Gibson & Moore, LLP
1999 Broadway
Suite 3225
Denver, CO 80202
Telephone: 303.377.7888

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

   I hereby certify that on this 28th day of January, 2015, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFFS' SUMMARY EXHIBITS** was filed with the Clerk of the United States District Court for the District of Colorado using the CM/ECF system, and served upon the following:

Stacey A. Campbell, Esq.
Daniel M. Combs, Esq.
Kalisha Salome Chorba, Esq.
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
stcampbell@littler.com
dcombs@littler.com
kchorba@littler.com

                _s/ Justin M. Plaskov_