**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-03040-CMA-CBS

MAHAMET CAMARA,
ANDRE DeOLIVEIRA,
BEMBA DIALLO,
SALIF DIALLO,
MACIRE DIARRA,
ERNIE DUKE, and
DEAN PATRICELLI,

    Plaintiffs,

v.

MATHESON TRUCKING, INC., a California corporation; and
MATHESON FLIGHT EXTENDERS, INC., a California corporation,

    Defendants.

## ORDER REGARDING NOTICE OF BANKRUPTCY

This matter is before the Court *sua sponte*. On April 19, 2015, Defendant Matheson Flight Extenders, Inc. filed a Notice (Doc. # 238), indicating that it had filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada, Case No. 15-50541. The filing of bankruptcy by any party triggers an automatic stay which prohibits the commencement or continuation of actions or proceedings against the debtor – in this case, Defendant Matheson Flight Extenders, Inc. 11 U.S.C. § 362(a). The bankruptcy filing by Matheson Flight Extenders, Inc. does not automatically stay collection efforts against its subsidiary and co-defendant Matheson Trucking, Inc., and the Court has not received

notice of a bankruptcy filing by Matheson Trucking, Inc.

Nevertheless, because the jury found that Matheson Flight Extenders, Inc. and Matheson Trucking, Inc. are a "single employer," such that both entities are jointly liable, *see Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014), the Court will not make further rulings or address the outstanding post-trial motions in this case until the Bankruptcy Court authorizes it to do so. That being said, the Court will expect both parties to adhere to the filing deadlines for responses and replies to the outstanding post-trial motions, as set forth in Doc. ## 237 and 244.

DATED: April 24, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge